UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(RICHMOND DIVISION)

| | |
|---|---|
| DENISE BLASIOL | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:21-cv-448 |
| RED ROBIN INTERNATIONAL, INC. | ) |
| Defendant. | ) |

**DEFENDANT RED ROBIN INTERNATIONAL, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 and 1446
<u>(DIVERSITY OF CITIZENSHIP)</u>**

TO: THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA (RICHMOND DIVISION), AND TO PLAINTIFF AND HER COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant Red Robin International, Inc. ("Red Robin" or "Defendant") hereby removes the above-referenced action filed by Denise Blasiol ("Plaintiff"), from the Circuit Court for the City of Fredericksburg, Commonwealth of Virginia, to the United States District Court for the Eastern District of Virginia (Richmond Division), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, asserting original federal jurisdiction. Pursuant to 28 U.S.C. § 1446(a), Red Robin sets forth the following "short and plain statement of the grounds for removal."[1]

---

[1] As stated by the United States Supreme Court, in borrowing the familiar "short and plain statement" standard from Fed. R. Civ. P. 8(a), Congress intended to "simplify the 'pleading' requirements for removal" and clarify that courts should "apply the same liberal rules [to removal allegations] that are applied to other matters of pleading." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) (quoting H.R.Rep. No. 100–889, p. 71 (1988)).

### I.    PLEADINGS AND PROCEEDINGS TO DATE

On March 9, 2021, Plaintiff filed her lawsuit in the Circuit Court for the City of Fredericksburg, Commonwealth of Virginia, captioned *DENISE BLASIOL v. RED ROBIN INTERNATIONAL, INC.*, Case No. CL21000203-00 (the "State Court Action").[2] The State Court Action is rooted in premises liability and includes a negligence claim asserted against Red Robin due to an alleged slip and fall event that occurred at the Red Robin restaurant located in Fredericksburg, Commonwealth of Virginia. *See* generally, **Ex. A**. Red Robin has not filed a response to Plaintiff's Complaint in the State Court Action. Red Robin is contemporaneously filing its Answer in this Court.

### II.    TIMELINESS OF REMOVAL

As provided by 28 U.S.C. § 1446(b), the notice to remove a civil action generally "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." Red Robin, through its registered agent, received a copy of Plaintiff's Complaint filed in the State Court Action on June 22, 2021. Consequently, Red Robin's Notice of Removal is timely because it has been filed within 30 days of receiving Plaintiff's initial pleading as required under 28 U.S.C. § 1446(b).

---

[2] A copy of all process and pleadings and orders received by Red Robin's registered agent on June 22, 2021, related to the State Court Action are attached as **Exhibit A**. *See* 28 U.S.C. § 1446(a).

### III.     DIVERSITY JURISDICTION

A.     **Standard for Removal under 28 U.S.C. § 1332(a).**

Pursuant to 28 U.SC. § 1332(a), this Court has original jurisdiction of all civil actions where (1) the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and (2) is between citizens of different States.

B.     **Removal is Proper Because Diversity Jurisdiction Exists.**

*1.     The Matter in Controversy Exceeds $75,000.00, Exclusive of Interest and Costs.*

Regarding the amount in controversy, the notice of removal "need not contain evidentiary submissions." *Owens*, 135 S. Ct. at 551. "In sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 554.

Before filing the State Court Action, Plaintiff made a settlement demand to resolve this matter for the sum of $400,000.00. Based on Plaintiff's pre-suit settlement demand of $400,000.00, presumably asserted in good faith, the amount in controversy exceeds $75,000.00, exclusive of interest and costs, thereby satisfying the first prong for diversity jurisdiction.[3] *See, e.g.*, *Ford-Fisher v. Stone*, No. CIV A 206CV575, 2007 WL 190153, *3 (E.D. Va. Jan. 22, 2007) (Denying a motion to remand, noting: "Although the plaintiff continues to stand by her ad damnum clause of $25,000 in state court, her insistence is belied by her settlement letter, which requested $300,000

---

[3] Red Robin does not concede, and in fact denies, the existence of any damages alleged by Plaintiff, and Red Robin further denies that is liable for the incident alleged in Plaintiff's Complaint. Red Robin contends only that the amount in controversy, based on the Plaintiff's allegations and pre-suit demand, exceeds $75,000.00, which establishes this Court's jurisdiction to hear this matter. Further, Plaintiff's *ad damnum* clause in the Complaint that she seeks compensatory damages in the amount of $70,000.00 is nothing more than an improper attempt to evade this Court's jurisdiction under 28 U.S.C. § 1332(a).

to settle her claims. Such an offer is indicative of the fact that the plaintiff believes that her case is worth more than $75,000.").

### 2. *This Action is Between Citizens of Different States.*

A corporation is deemed to be a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). Here, Red Robin is a citizen of the State of Nevada and the State of Colorado, being that it is a (foreign) corporation organized under the laws of the State of Nevada, with a principal place of business located in the State of Colorado.

Plaintiff, at all relevant times, including at the time the State Court Action was filed and the time this Notice of Removal is being filed with this Court, was and is a citizen of the Commonwealth of Virginia.

As required under § 1332(a), there is complete diversity of citizenship between Plaintiff and Defendant, satisfying the second and last prong for diversity jurisdiction.

## IV. VENUE

Venue lies in the United States District Court for the Eastern District of Virginia (Richmond Division) pursuant to 28 U.S.C. § 1441(a). The State Court Action was filed in the Circuit Court for the City of Fredericksburg, Commonwealth of Virginia, which is located within the United States District Court for the Eastern District of Virginia (Richmond Division).

## V. NOTICE OF REMOVAL

A true and correct copy of this Notice of Removal will be served on Plaintiff and filed with the Clerk of the Circuit Court for the City of Fredericksburg, Commonwealth of Virginia, as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendant Red Robin International, Inc. prays that the above action pending before the Circuit Court for the City of Fredericksburg, Commonwealth of Virginia, Case No. CL21000203-00, be removed to the United States District Court for the Eastern District of Virginia (Richmond Division), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

Dated: July 13, 2021.

        Respectfully submitted,

        RED ROBIN INTERNATIONAL, INC.


        By:  /s/  J. Matthew Haynes, Jr., Esquire
        J. Matthew Haynes, Jr. (VSB No.: 51007)
        McCandlish Holton, P.C.
        1111 East Main Street, Suite 2100
        P.O. Box 796
        Richmond, Virginia 23218
        (804) 775-3100 Telephone
        (804) 775-3800 Facsimile
        mhaynes@lawmh.com
        *Counsel for Red Robin International, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of July 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and transmitted the foregoing via U.S. Mail, postage prepaid to the following:

Andrew Lucchetti, Esq.
Jonathan E. Halperin, Esq.
Halperin Law Center, LLC
5225 Hickory Park Drive, Suite B
Glen Allen, Virginia 23059

The Honorable Jeff Small, Clerk
City of Fredericksburg Circuit Court
701 Princess Anne St., Suite 100
Fredericksburg, Virginia 22401

/s/  J. Matthew Haynes, Jr., Esquire
J. Matthew Haynes, Jr. (VSB No.: 51007)
McCandlish Holton, P.C.
1111 East Main Street, Suite 2100
P.O. Box 796
Richmond, Virginia 23218
(804) 775-3100 Telephone
(804) 775-3800 Facsimile
mhaynes@lawmh.com
*Counsel for Red Robin International, Inc.*