# Exhibit A

# COMMONWEALTH OF VIRGINIA



FREDERICKSBURG CIRCUIT COURT
Civil Division
701 PRINCESS ANNE STREET SUITE 100
FREDERICKSBURG VA 22401
(540) 372-1066

Summons

To: RED ROBIN INTERNATIONAL, INC
R/A CORPORATE SERVICE CO.
100 SHOCKOE SLIP
FLOOR 2
RICHMOND VA 23219

Case No. 630CL21000203-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Tuesday, March 09, 2021

Clerk of Court: JEFF SMALL

by _____ O.C.
(CLERK/DEPUTY CLERK)

Instructions:    SEE ATTACHED COMPLAINT

Hearing Official:

Attorney's name:

# COMMONWEALTH OF VIRGINIA



FREDERICKSBURG CIRCUIT COURT
Civil Division
701 PRINCESS ANNE STREET SUITE 100
FREDERICKSBURG VA 22401
(540) 372-1066

Proof of Service

Virginia:
In the FREDERICKSBURG CIRCUIT COURT

Case number: 630CL21000203-00
Service number: 001
Service filed: March 09, 2021
Judge:

Served by: SPECIAL PROCESS SERVER
Style of case: DENISE BLASIOL vs RED ROBIN INTERNATIONAL, INC
Service on: RED ROBIN INTERNATIONAL, INC         Attorney:
R/A CORPORATE SERVICE CO.
100 SHOCKOE SLIP
FLOOR 2
RICHMOND VA 23219

Instructions: SEE ATTACHED COMPLAINT

Returns shall be made hereon, showing service of Summons issued Tuesday, March 09, 2021 with a copy of the Complaint filed Tuesday, March 09, 2021 attached.

Hearing date :
Service issued: Tuesday, March 09, 2021

---

For Sheriff Use Only

NAME..........

o  PERSONAL SERVICE
o  Being unable to make personal service, a copy was delivered in the following manner:
o  Delivered to the person found in charge of usual place of business or employment during business hours and giving information to its purport.
o  Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above giving information of its purport. List name, age of recipient and relation of recipient to party named above.
o  Posted on the common door of usual place of abode, address listed above. (Other authorized recipient not found.)
o  Copy mailed to judgement debtor on date below after serving the guarantee unless a different date is shown below.
o  Evicted         o Not Evicted
o  Served on registered agent
o  Not Found
o  NO EFFECTS FOUND

DATE:
DEPUTY SHERIFF:
For Sheriff:
For County/City:

**VIRGINIA**

## IN THE CIRCUIT COURT FOR THE CITY OF FREDERICKSBURG

**DENISE BLASIOL**  )
　)
　**Plaintiff,**  )
　)
v.  )  Case No. CL21-203
　)
**RED ROBIN INTERNATIONAL, INC.**  )
　Serve: Registered Agent  )
　　Corporate Service Company  )
　　100 Shockoe Slip  )   **FILED**
　　Floor 2  )
　　Richmond, VA 23219  )   MAR 9 9 2021
　)
　**Defendant.**  )   FREDERICKSBURG
　)   CIRCUIT COURT

## COMPLAINT

Plaintiff Denise Blasiol ("Plaintiff"), by counsel, files this Complaint seeking judgment against Defendant Red Robin International, Inc. ("Defendant") and respectfully alleges as follows:

### PARTIES

1. Plaintiff is a resident of the Commonwealth of Virginia.

2. Defendant is a foreign limited liability company with its principal office located in Colorado.

### VENUE

3. Venue is proper pursuant to Va. Code Ann. § 8.01-262(4) as the cause of action arose in Fredericksburg, Virginia.

### FACTUAL ALLEGATIONS

4. On April 26, 2019, Plaintiff arrived at a Red Robin restaurant located at 10109 Jefferson Davis Highway, Fredericksburg, Virginia, (the "Premises") to dine with her family.

5. After entering the Premises, Plaintiff walked through the restaurant towards her son, who was already seated at a table.

6. Before she could reach her destination, Plaintiff slipped on a French fry that had been dropped and left on the ground.

7. A manager later informed Ms. Blasiol that she had seen the French fries on the floor.

8. Despite the fact that the manager and likely other employees saw and knew of this dangerous condition, no one cleaned the French fries off of the floor.

9. As a result of her fall, Plaintiff sustained, amongst other injuries, a fracture to her right elbow.

## COUNT I- NEGLIGENCE

10. Plaintiff incorporates the foregoing allegations of this pleading as if fully set forth herein.

11. At all times relevant to this action, Defendant owned and operated the Premises where Plaintiff fell and sustained injuries on April 26, 2019.

12. At all times relevant to this action, the Premises were open to the public for dining. Plaintiff, as a member of the public, was there for that reason. As such, Plaintiff was an invitee of Defendant.

13. At all times relevant to this action, Plaintiff, as an invitee, had the right to assume that the Premises were safe for her visit.

14. At all times relevant to this action, Defendant's employees/agents knew or should have known that there was a foreign substance on the floor in a public area that presented a slipping hazard to diners.

2

15. At all times relevant to this action, the presence of this foreign substance created an unsafe condition.

16. At all times relevant to this action, this unsafe condition was actively created by the acts of Defendant and/or its agent, as the French fries were most likely dropped by an employee of Defendant.

17. At all times relevant to this action, Defendant owed Plaintiff a duty to use ordinary care in maintaining the Premises in a reasonably safe condition for her use.

18. Defendant breached this duty when it failed to use ordinary care in ensuring that slippery substances were promptly cleaned up from the floor in public areas and was otherwise negligent.

19. Defendant's negligence was the direct and proximate cause of Plaintiff's fall and her resulting injuries and damages.

20. As a direct and proximate result of Defendant's negligence, Plaintiff was injured and suffered the following damages: physical pain and mental anguish, past, present, and that which she may be reasonably expected to suffer in the future; physical disfigurement and associated humiliation and embarrassment; inconvenience, past, present, and that which she may reasonably be expected to suffer in the future; medical expenses, past, present, and that which she may be reasonably expected to suffer in the future; and has otherwise been damaged.

WHEREFORE, based upon the foregoing, Plaintiff Denise Blasiol demands judgment against Defendant Red Robin International, Inc. for compensatory damages in the amount of SEVENTY THOUSAND DOLLARS ($70,000.00), together with costs incurred in the pursuit of a just resolution of this matter, and pre-judgment and post-judgment interest.

**A JURY TRIAL IS REQUESTED.**

3

Respectfully submitted,
DENISE BLASIOL

By: _____
Counsel

Andrew Lucchetti (VSB No. 86631)
Jonathan E. Halperin (VSB No. 32698)
Halperin Law Center, LLC
5225 Hickory Park Drive, Suite B
Glen Allen, Virginia 23059
Phone: (804) 527-0100
Facsimile: (804) 597-0209
andrew@hlc.law
jonathan@hlc.law

4

**VIRGINIA**

**IN THE CIRCUIT COURT FOR THE CITY OF FREDERICKSBURG**

| | |
|---|---|
| **DENISE BLASIOL** | ) |
|     **Plaintiff,** | ) |
| v. | ) Case No. CL21000203-00 |
| **RED ROBIN INTERNATIONAL, INC.** | ) |
|     **Defendant.** | ) |

**PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT RED ROBIN INTERNATIONAL, LLC**

Plaintiff Denise Blasiol, by counsel, propounds the following Interrogatories and Request for Production of Documents pursuant to Virginia Supreme Court Rules 4:8 and 4:9, to Defendant Red Robin International, Inc., with said Interrogatories to be answered under oath and documents produced at the office of Halperin Law Center, 4435 Waterfront Drive, Suite 100, Glen Allen, Virginia 23060, within twenty-eight (28) days of service hereof.

**INSTRUCTIONS AND DEFINITIONS**

A.  In accordance with the Virginia Supreme Court Rules, your response shall set forth the Interrogatory, and shall set forth the answer to the Interrogatory separately and fully in writing under oath or shall state fully the grounds for refusal to answer any Interrogatory. You shall sign the response.

B.  Further in accord with the Supreme Court Rules, your answers shall include all information available to you directly or through agents, representatives, or attorneys.

C.  You are requested to supply any all documents covered by the requests set forth below that are in your possession or control, or that of any agent or employee of yours, or your accountants, attorneys or other representatives.

D. The term "document" is used in the broadest sense of that term and includes, but is not limited to, all writings of every kind, including letters and other correspondence, telegrams, memoranda (whether internal or external), reports, studies, calendar and diary entries, pamphlets, notes, charts, tabulations, analyses, statistical or informational accumulations, drawings, plans, summaries or abstracts, any kind of record of meetings or conversations, from impressions, magnetic tapes, sound or mechanical reproductions, rules, regulations, opinions, orders, interpretations, exceptions, position papers, guidelines, publications, instructions, handbooks, manuals, operating procedures, appointment calendars, call slips, file jackets, course materials, training materials, minutes, testimony, press releases, speeches, surveys, graphs, statistics, tables, printed or typewritten forms (whether official or unofficial), work papers, logs, (whether visits, telephone calls, or otherwise), indices, and the like, all drafts or any of the foregoing, and copies or documents that are not identical duplicates of the original (e.g., because of handwritten or "blind" notes appearing on them). The term "document" also includes computer files stored on disk or other electronic memory device.

E. "Communication" means any transfer or exchange between two or more persons of any information, whether by written, oral or electronic means, including, but not limited to, personal conversations, correspondence, telephone calls, and telegrams. This definition includes all communications for which you may claim a privilege.

F. Pursuant to the Virginia Supreme Court Rules, these Interrogatories are continuing. If you obtain further material information before trial, you are required to supplement your answers promptly.

G. If pursuant to the Virginia Supreme Court Rules, you elect to specify and produce business records of yours in answer to any Interrogatory, your specification shall be in sufficient

2

detail to enable the interrogating party to locate and identify the records from which the answer may be ascertained.

H. If you perceive any ambiguities in a question, instruction, or definition, set forth the matter deemed ambiguous and the construction used in answering.

I. If you withhold information by claiming that it is privileged, please describe the nature of the documents, communications or information withheld in such a way as to allow counsel to other parties to assess the applicability of the privilege.

J. Unless otherwise specified, all Interrogatories refer to the time frame associated with the slip and fall accident that took place on April 26, 2019, at the Red Robin restaurant located at 10109 Jefferson Davis Highway, Fredericksburg, Virginia, which is the subject of this lawsuit.

K. Identify, identity, or identification, (1) when used in reference to a natural person, means that person's full name, last known address, home and business telephone numbers, and present occupation or business affiliation; (2) when used in reference to a person other than a natural person, includes a description of the nature of the person (that is, whether it is a corporation, partnership, etc. under the definition of person below), and the person's last known address, telephone number, and principal place of business; (3) when used in reference to any person after the person has been properly identified previously means the person's name; and (4) when used in reference to a document, requires you to state the date, the author (or, if different, the signer or signers), the addressee, and the type of document (e.g. letter, memorandum, telegram, chart, etc.) or to attach an accurate copy of the document to your answer, appropriately labeled to correspond to the Interrogatory.

L. Person includes an individual, general or limited partnership, joint stock company, unincorporated association or society, municipal or other corporation, incorporated association, limited liability partnership, limited liability company, the State, an agency or political subdivision of the State, a court, and any other governmental entity.

M. When used herein the term "Defendant" refers to Defendant Red Robin International, Inc. unless otherwise indicated.

N. The term "hazard" shall include any foreign substance whether in liquid or solid form.

O. The term "Premises" refers to the Red Robin restaurant located at 10109 Jefferson Davis Highway, Fredericksburg, Virginia.

## INTERROGATORIES

1. State the name, address, and job description of the person answering these Interrogatories, and the authority by which he/she does so.

**ANSWER:**


2. If you allege the Plaintiff was contributorily negligent, state the specific basis and set forth all facts upon which the Defendant so alleges.

**ANSWER:**


3. If you contend that Plaintiff's injuries were at least in part caused by a prior or subsequent disease, injury, sickness, or other condition not connected with this accident, state the basis for such contention.

**ANSWER:**

4. State the names, addresses, and telephone numbers of all persons who, on behalf of Defendant, were responsible for monitoring the Premises to discover, report, and/or remedy any defects or unsafe conditions on the property at and around the time of the accident on April 26, 2019.

**ANSWER:**


5. Have you or anyone acting on your behalf obtained any statements from Plaintiff or any other person concerning the facts of this accident or the injuries sustained? If so, please state as nearly as possible the exact words spoken to you or your representatives by Plaintiff, or other person, about the facts of the accident or the injuries sustained; the person to whom the statement was given; whether or not the statement was written or oral; the date when the statement was given; and the circumstances under which the statement was given.

**ANSWER:**


6. For the Premises, state with specificity all observations made, statements made, and complaints received, and/or made by Defendant or its agents, employees, and or servants regarding the alleged defects and/or conditions alleged in Plaintiff's Complaint, and state specifically whether such observations, statements and/or complaints were made or received before or after the accident.

**ANSWER:**

5

7. Identify each and every person believed by you to have any knowledge, directly or indirectly, of facts related to the accident before, at, or after the accident, including but not limited to, all eyewitnesses.

**ANSWER:**

8. Describe the last inspection or cleaning that any employee of Defendant had made or had directed to be made of the area in which Plaintiff fell, including the date and time when the last inspection was made prior to the accident; the name, job title, address, and telephone number of each person who participated in the inspection; the result of such inspection; and the identity of all documentation reflecting the inspection.

**ANSWER:**

9. At any time prior to the accident on April 26, 2019, did any employee, agent, and/or servant of Defendant have knowledge of the alleged condition in which the Plaintiff alleges caused the accident? If so, state the names, addresses, and telephone numbers of each such person.

**ANSWER:**

10. Identify each person you expect to call as an expert witness at trial or any hearing, and state the subject matter, the substance of the facts and opinions which he/she is expected to testify and a summary of the grounds for each opinion which the expert is to testify.

**ANSWER:**

11. What, if any, maintenance, inspection, or cleaning was done to the area on the Premises where Plaintiff fell within 24 hours before the accident and within 72 hours thereafter? For each, state the person who made the inspection or maintenance; the date of the inspection or maintenance; the observations or findings that were made for each area of inspection or maintenance; and the maintenance done.

**ANSWER:**


12. State whether you, or anyone on your behalf, had any oral or written policies or procedures for inspecting and/or cleaning the area in which Plaintiff fell and, if so, set forth with specificity a description of each procedure and the identity of any documentation reflection those procedures.

**ANSWER:**


13. Describe fully and completely how you contend that the Plaintiff sustained her fall and injury on the Premises on April 26, 2019.

**ANSWER:**


14. At the time and place of the accident, were you the named insured in, or otherwise insured by, any policies of liability insurance (including but not limited to vehicle operator's, personal umbrella, premises, commercial, governmental entity), and if so, identify those policies and their limits of coverage?

**ANSWER:**

7

15. Identify any person who has investigated this accident and specify any photographs, parts, debris, and other tangible things related to the accident. Identify the person who is in possession of said things.

**ANSWER:**


16. Identify whether and how any physical evidence was recorded, measured, photographed, preserved, tested, modified, and/or destroyed.

**ANSWER:**


17. Please identify, with specificity, the number and location of security cameras installed at the Premises on the date of the incident.

**ANSWER:**


18. Please identify whether there were video recording devices/systems located on the Subject Premises, and identify the location of said devices, whether they were in working order, and what entity(s) maintained said devices.

**ANSWER:**


## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Produce any and all surveillance tapes, tapes, photographs, and other images or recordings taken by you or your representative reflecting the subject Premises and area, particularly including any surveillance tapes of the area of the Premises where the accident occurred for all of April 26, 2019.

**RESPONSE:**

2. Produce any statements that Plaintiff may have made to you or your representatives or in the presence of you or your representatives regarding the Plaintiff's accident and/or injuries.

**RESPONSE:**


3. Produce records of any and all notice(s) received by you or your representative of the defective condition as alleged by Plaintiff in her Complaint.

**RESPONSE:**


4. Product any and all photographs, diagrams, shop drawings, or other drawings plus related documents describing or illustrating how the accident occurred.

**RESPONSE:**


5. Produce copies of any documents and/or records obtained by defense counsel by way of subpoena duces tecum.

**RESPONSE:**


6. Produce records of any and all complaints of any adverse, dangerous, or unusual conditions on the Premises caused by the presence of slippery substances on the floor and/or the failure of Defendant's employees to clean up slippery substances on the floor for the 12 months prior to April 26, 2019.

**RESPONSE:**

7. Produce copies of any and all complaint statements or incident reports filed or produced by Plaintiff or Defendant.

**RESPONSE:**

8. Produce and recordings or tapes (audio and/or video) gathered or obtained by Defendant that depict Plaintiff.

**RESPONSE:**

9. Produce all exhibits which you intend to introduce at trial.

**RESPONSE:**

10. Produce any reports, including drafts, created by testifying experts.

**RESPONSE:**

11. Produce a CV or resume of any testifying expert.

**RESPONSE:**

12. Produce every document responsive to, and/or upon which you rely in answering Interrogatories or reviewed by you in answering Interrogatories.

**RESPONSE:**

13. Copies of all documents received by you in response to, or as a result of the issuance of, any and all subpoenas issued in this action in any other proceeding, and/or any releases signed or provided by the Plaintiff, including but not limited to subpoenas to any and all providers of medical care or services to the Plaintiff.

**RESPONSE:**

14. Identify any contractor/subcontractor, agent, employee, or other entity who installed, maintained, and/or provided service for the security surveillance system. In answering this Interrogatory, please also provide the dates of installation and any maintenance and services provided and the type of system(s) used and dates those systems were used, changed, modified, and/or upgraded.

**RESPONSE:**

        Respectfully Submitted,
        DENISE BLASIOL

        By: _____
                      Counsel

Jonathan E. Halperin (VSB No. 32698)
Andrew Lucchetti (VSB No. 86631)
Halperin Law Center, LLC
4435 Waterfront Drive, Suite 100
Glen Allen, VA 23060
Phone: (804) 527-0100
Facsimile: (804) 597-0209
jonathan@hlc.law
andrew@hlc.law